IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VALORIE HANDY, | § | |
| | § | |
| Defendant Below, | § | No. 74, 2017 |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1507011730 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  March 21, 2018
Decided:    March 22, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

In this case, Valorie Handy argues that the Superior Court abused its discretion in addressing the admissibility of certain expert testimony; failing to give an appropriate *Lolly* instruction;[1] and failing to remedy what she contends were improper arguments made by the State in rebuttal during closing arguments.  We have reviewed the record carefully and find that the Superior Court acted within its discretion as to all these issues; that contrary to Handy's contention, the State's argument in rebuttal was not improper given the evidentiary record and the context in which she made her defense; and that the Superior Court had earlier acted to focus

---

[1] *Lolly v. State*, 611 A.2d 956, 962 n.6 (Del. 1992) (suggesting language to be used for a jury instruction about missing evidence).

closing arguments to ensure that the jury understood that the burden of proof was squarely on the State to prove its case beyond a reasonable doubt. We therefore AFFIRM the Superior Court on the basis of its pertinent rulings on the record.

IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice